# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re<br><br>JAMES ARTHUR WOODY, III,<br><br><br>Debtors. | CASE NO. 12-73474-SMS<br><br>CHAPTER 13<br><br>JUDGE: HONORABLE SAGE M. SIGLER<br><br>ADVERSARY CASE NO.    19-05204-SMS |
| JAMES ARTHUR WOODY, III,<br><br>Plaintiff,<br><br>vs.<br><br>MR. COOPER, a/k/a NATIONSTAR MORTGAGE, LLC<br>NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER,<br><br>Defendants. | |

## NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION FOR JUDGEMENT ON THE PLEADINGS AND REQUEST TO STRIKE RESPPONSE AS UNTIMELY

COMES NOW, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") by and through its attorney, Aldridge Pite, LLP, to file its Reply to Plaintiff's Response to its Motion for Judgement on the Pleadings ("Motion") and shows the Court the following:

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

## I.    INTRODUCTION

Despite being given additional time to prepare and file a Response, Plaintiff was still unable to file a timely Response. Indeed, the extended and stipulate deadline for Plaintiff to respond to the Motion was April 2, 2020. Plaintiff did not file his response by the April 2nd deadline. As such, the Court should strike Plaintiff's late response as untimely and grant Mr. Cooper's Motion in its entirety.

Further, when Plaintiff did file his late Response, it was compromise of an obvious and continuous self-serving effort to further Plaintiff counsel's scheme to isolate transactions on a loan history to mischaracterize the transactions to fit the narrative of nefarious conduct on the part of Mr. Cooper. Plaintiff continues to refuse to examine all the loan information before him and attached to his own Complaint, which confirms that Mr. Cooper is not in contempt of any court order, is not in breach of contract, and has not violated any provisions of Federal Rule of Bankruptcy Procedure, RESPA, of FDCPA. Instead Plaintiff and his counsel simply choose to blatantly disregard the entire loan history as a whole and instead pick and choose portions of the loan history to further false allegations/claims and in furtherance of Plaintiff's counsel's own financial gain. When Mr. Cooper thoroughly and completely provided in its Motion how Plaintiff was the refunded the escrow overage and credits were applied to Plaintiff's loan, which Plaintiff conveniently

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

"overlooked" in drafting the Complaint, Plaintiff simply attempted to find another

portion of the loan history to misconstrue and improperly allege as violations for the

first time in his Response and that were not raised in his Complaint. (See Response,

Page 2, Page 4)  Therefore, for the reasons explained below, this Court must strike

the Response as late or, in the alternative, find Plaintiff has failed to state a claim

upon which relief can be granted and enter judgment in favor of Mr. Cooper.

## II.    ARGUMENT

**A.    PLAINTIFF'S RESPONSE WAS UNTIMELY AND SHOULD BE STRICKEN**

As a preliminary matter, Mr. Cooper Motion for Judgment on the Pleadings

was filed on March 4, 2020. Accordingly, pursuant to BLR 7007-1(c), any response

was due fourteen (14) days thereafter.  See BLR 7007-1(c).  At Plaintiff's counsel's

request, Mr. Cooper agreed to extend the time in which Plaintiff could file his

Response to April 2, 2020.  (See Consent Order Granting Motion to Extend Time to

Respond to Defendant's Motion for Judgment on the Pleadings, DE #15).  Plaintiff

did not timely file a response by the ordered time. Indeed, Plaintiff did not file his

Response until April 3, 2020.  (See DE #16).  Plaintiff did not seek leave to file its

late Response nor did Plaintiff's counsel contact Mr. Cooper's counsel to request an

additional extension.

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to BLR 7007-1(c), failure to file a response indicates no opposition to the motion. Further, BLR 7007-1(h) gives this Court discretion to decline to consider any motion or brief that fails to conform to the requirements of these Rules. Given Plaintiff's utter lack of prosecution of his own Complaint for approximately a year and failure to file his Response by the Court ordered deadline, the Court should strike Plaintiff's Response from the record and enter judgment in favor of Mr. Cooper.  This matter has been pending since May 3, 2019. Since filing the Complaint, Plaintiff's counsel has been non-responsive to Mr. Cooper's request to establish a discovery schedule leaving Mr. Cooper no choice but to file its present Motion to seek recourse from the Court. Additionally Plaintiff's counsel was lacking in his communication with Mr. Cooper's counsel for purposes of preparing a Joint Status Report leaving Mr. Cooper with no option but to file a Unilateral Status Report. Notwithstanding Plaintiff's failure to timely file a response to Mr. Cooper's Motion and Plaintiff's counsel's failure to communicate, the Complaint is comprised of blatant mischaracterizations of the status of Plaintiff's loan, self-serving half-truth allegations, and utter failure to state a claim as to Mr. Cooper.

Mr. Cooper has incurred attorneys' fees in defending itself in an Adversary Proceeding which Plaintiff apparently has little interest in prosecuting. Although Plaintiff is represented by counsel, he has utterly failed to complete the basic actions

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

required for a plaintiff prosecuting an adversary complaint. Mr. Cooper has been forced to take all actions required to move the case towards resolution. In this case, resolution should be granting Mr. Cooper's Motion and the dismissal of Plaintiff's Complaint with prejudice based on Plaintiff's failure to timely respond to the Motion and failure to state a claim upon which relief can granted.

**B.     PLAINTIFF'S RESPONSE FAILS TO SHOW THAT MR. COOPER IS NOT ENTITLED TO A JUDGMENT ON THE PLEADINGS**

**1.     Plaintiff's allegation that Mr. Cooper did not return funds is patently false.**

Plaintiff desperately continues to attempt to infer nefarious conduct where none exists.  For example, Plaintiff concedes that a credit of $3,362.85 was applied to the Loan/Account. (*See Response*, Page 2).  However, Plaintiff then attempts to mischaracterize specific entries of the loan history to support allegations the $3,362.85 was not returned. Plaintiff refers to a transactions dated December 18, 2017, reflecting the sums of $748.89 and $2,996.68 being taken from suspense for a sum of $3,745.57. *Id*. Plaintiff then asserts that neither withdrawal from suspense was used to pay the mortgage. *Id*. Plaintiff's assertion could not be further from the truth and is perfect example of Plaintiff reviewing the account on a specific date without reference to the account after the specific date and in its entirety. Had Plaintiff simply reviewed the following two transactions on the same day, he would

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

determine Mr. Cooper applied $1,681.20 to escrow[1] and $2,064.37 as a principal

curtailment. (*See* Plaintiff's Exhibit 2, Transaction #361-62). Plaintiff's actions in

mischaracterizing the loan history is at best an inability to review a loan history or,

at worst, an intentional misrepresentation in furtherance of prosecuting a baseless

Complaint.

Plaintiff doubles down on his mischaracterization of the facts by again stating

"[Mr. Cooper] fails to mention that three days later, it issued larger, unexplained

debits to the loan." (*See Response*, Page 3). Quite to the contrary, and evidenced in

Plaintiff's own Exhibit 2, the funds were applied to the principal balance or refunded

to Plaintiff. Because Plaintiff's own Exhibit 2 shows that Mr. Cooper issued

adjustments to the mortgage that form the bases of Plaintiff's Complaint, Mr.

Cooper's Motion for Judgment on the Pleadings should be granted and Plaintiff's

Complaint dismissed with prejudice.

> **2.    Plaintiff's allegation that Mr. Cooper did not return escrow funds
> is patently false.**

Here, Plaintiff contends he is entitled to some additional payment due to the

escrow overage. (See Response, Page 4) However, this remedy is nowhere to be

found in the loan documents. The Security Deed attached to Plaintiff's Complaint

---

[1] Mr. Cooper shows that this escrow deposit was included in the $6,506.63 escrow refund disbursed to Plaintiff on
February 23, 2018.  See Plaintiff's Exhibit 2, Transaction #367.

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

states "[i]f there is a surplus of Funds held in escrow, as defined by RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA." (*See* Plaintiff's Exhibit 1, Page 4, Paragraph 3). Pursuant to 12 C.F.R. Section 1024.17(f)(2)(i), the servicer shall refund the surplus. The loan history attached to Plaintiff's Complaint indisputably demonstrates was done. Plaintiff would contend that he is entitled to more when he received exactly what the loan document and RESPA provides; a refund of the surplus escrow proceeds.

**3.    Plaintiff's allegation that Mr. Cooper profited from interest accrued on escrow is patently false.**

Again, Plaintiff tries to misdirect the Court and misrepresent the facts by isolating lone transactions for purposes of alleging improper accounting where none exists. In his Response, Plaintiff suggests transaction number 346 and 347 on November 21, 2017, shows Mr. Cooper received $1,249.17 in "interest" that was withdrawn "without explanation". (*See* Plaintiff's Exhibit 2, Transaction # 346-47).

The explanation of where those funds where applied is located on this history for the very same day. The history uncontrovertibly shows Mr. Cooper applied $500.00 to corporate advance and $749.17 to the April 2018 payment for a total of $1,249.17. Accordingly, the "explanation" which Plaintiff seeks is literally on the same page, just lines away from the figures he claims form the support for the baseless allegations included in his Complaint.

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

**4.      Plaintiff now asserts he does not state a claim under RESPA**

Plaintiff's Response appears to attempt to pivot the relief sought in his original

Complaint to work around Mr. Cooper's Motion. Plaintiff now asserts that he did

not bring this action under RESPA. Plaintiff then goes into some irrelevant analogy

to criminal law and speeding tickets as a "comparison" to the issues before this Court

in again what appears to be an attempt to show bad conduct where there is none.

Plaintiff's counsel does this despite the fact that his own Complaint was titled

COMPLAINT FOR DAMAGES IN A CORE ADVERSARY PROCEEDING AND

MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF

BANKRUPTCY PROCEEDURE 3002.1(i), FOR FINDING OF CONTEMPT FOR

MULTIPLE VIOLATIONS OF THE ORDER OF CONFIRMATION, *FOR*

*VIOLATION OF THE REAL ESTATE SETTLEMENT PROTECTION ACT*

*(RESPA)*, THE FAIR DEBT COLLECTION PRACTICES ACT, AND BREACH

OF CONTRACT (emphasis added).  (See Complaint, Page 1). Plaintiff now pivots

and instead attempts to suggest alleged violations of RESPA make up the basis of

his other causes of action.  This statement ignores the crux of Mr. Cooper's argument

which is, even assuming arguendo, Mr. Cooper did violate RESPA, RESPA does

not provide a private right of Plaintiff to enforce violations of RESPA.  Plaintiff is

now simply attempting to take his allegations under RESPA and allege them in a

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

different way to circumvent the dismissal of his Complaint. Unfortunately for Plaintiff, such action have not gone unnoticed. Plaintiff's RESPA claim must be dismissed with prejudice.

**5.      Plaintiff still fails to show a claim under Rule 3002.1**

Plaintiff continues to ignore the fact his Complaint does not allege that Mr. Cooper is now trying to collect some undisclosed fees or is currently showing fees due that where not noticed under Rule 3002.1.  Further, Plaintiff falls back on prior arguments that credits issued to the loan were withdrawn without explanation.  Mr. Cooper has already addressed these alleged unexplained withdrawals above and will not burden the Court with duplicative explanation here.

**6.      Plaintiff still fails to establish a claim under breach of contract**

With respect to E-Pay Fees, Plaintiff again ignores Mr. Cooper is not seeking to collect these E-Pay Fees and instead issued a credit to the Plaintiff's mortgage for them. Similarly, with respect to escrow, Plaintiff ignores the escrow surplus was refunded to him. Mr. Cooper has clearly shown it remedied the escrow surplus by refunding it to Plaintiff and this was done long before this Complaint was ever filed. Plaintiff choosing or refusing to recognize the same does not form the basis for a claim for breach of contract. Therefore, Plaintiff's claim for breach of contract must be dismissed with prejudice.

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

### G.    Plaintiff fails to show a private right of action under 11 USC Section 105

Again, Plaintiff continues to attempt to shift focus from the relief sought in his original complaint. Plaintiff's third claim for relief is titled "Imposition of Sanctions and ***a finding of Contempt under 11 U.S.C. Section 105(a)***…" (emphasis added).  (*See Complaint*, Page 17). In his Response, Plaintiff points to 11 USC Section 524 to support his contention he has a private right of action.  However, this ignores the procedural defect in Plaintiff's Complaint.

It is clear and uncontroverted that there is no private right of action under 11 USC Section 105(a).  It is undisputed that a bankruptcy court has the authority to enforce the terms of a confirmed Chapter 13 Plan in a bankruptcy proceeding and discharge order. However, a plaintiff may seek relief under 11 U.S.C. §105(a) only by filing motion for contempt in the bankruptcy court. *See, Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1191 (9th Cir. 2011) (concluding that "an order of contempt under § 105 to enforce an existing injunction must be sought via motion in the bankruptcy action; In re Joubert, 411 F.3d 452, 456 (3rd Cir. 2005); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509 (9th Cir. 2002) (finding that there is no private action for violating a discharge order); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000)).

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

The Plaintiff in *Church v. Accretive Health, Inc.*, unsuccessfully attempted to use §105 in an **adversary** case to create a private cause of action (emphasis added). The court dismissed the Complaint under Rule 12(b)(6), finding it improper to use §105 in an adversary proceeding, rather than filing a motion in the original bankruptcy court. (*See Church v. Accretive Health, Inc.*, No. 14-0057-WS-B, 2014 U.S. Dist. LEXIS 173199, at *35 (S.D. Ala. Dec. 16, 2014)).  First, the court held that §524 does not create a private cause of action. (See, e.g., *In re Joubert*, 411 F.3d 452, 456 (3rd Cir. 2005) (observing that "[t]his Court has not addressed whether § 524 implies a private right of action, ... but the weight of circuit authority is that it does not") (citations omitted); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509 (9th Cir. 2002) ("there is no private right of action under § 524"); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000) ("we have no hesitancy in joining those courts (a clear majority) that have held § 524 does not impliedly create a private right of action"); (*Church v. Accretive Health, Inc.*, No. 14-0057-WS-B, 2014 U.S. Dist. LEXIS 173199, at *28 (S.D. Ala. Dec. 16, 2014)). Second, the court likewise held that § 105 claims do not create a private cause of action, but rather, Plaintiff's sole remedy is to seek relief via a motion in the bankruptcy court that ordered the discharge:

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

[T]he bankruptcy court responsible for the discharge injunction retains the power to enforce it via § 105 contempt powers. *See Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 969-70 (11th Cir. 2012) (recognizing that "a bankruptcy court necessarily has power to enforce its own orders regarding its administration of the estate" and that "the court that issued the injunctive order alone possesses the power to enforce compliance with and punish contempt of that order"). On that basis… if Church seeks contempt sanctions for violation of the discharge injunction, it may do so by filing a appropriate § 105(a) motion in the bankruptcy court…. More generally, the Eleventh Circuit has stated with crystalline clarity that it is "misguided" for a plaintiff to file a complaint for declaratory relief, rather than a "motion for an order to show cause why Creditors should not be held in contempt for violating the discharge injunction," because the "proper procedure to invoke the court's civil contempt power" is to file a motion. *Alderwoods*, 682 F.3d at 968 & n.20…. [Plaintiff's] sole recourse is to file a motion for relief before the bankruptcy court (the court that issued the discharge injunction) pursuant to 11 U.S.C. § 105. (*Church v. Accretive Health, Inc.*, No. 14-0057-WS-B, 2014 U.S. Dist. LEXIS 173199, at *34-35 (S.D. Ala. Dec. 16, 2014).

Here, Plaintiff attempts to use §105 in conjunction with §§ 1141 and 1142 to create a private right of action for damages. While Plaintiff in his Comoplaint asserts

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

the Bankruptcy Court has jurisdiction to enforce the terms of a confirmed Chapter

13 Plan pursuant to 11 U.S.C. § 105, Plaintiff fails to address how the referenced

provision provides him a private right of action. In his Response, Plaintiff merely

reiterates the same arguments in his Complaint while ignoring case law holding 105

cannot be used to create substantive rights that are not explicitly provided for in Title

11. Indeed, Plaintiff actually confirms on numerous occasions he has no private right

of action to pursue a contempt action via an adversary complaint. Plaintiff cites to

*Pereira v. First North Am, Nat'l Bank* in stating "Section 524 does not expressly

allow for damages, costs, or create a private right of action in a district court other

than the court having jurisdiction of the underlying action." (*See Response*, Page 13).

Based upon the foregoing, Plaintiff's Complaint is procedurally improper.

The Eleventh Circuit has noted that the proper method of invoking a court's contempt

power is to file a motion for contempt **in the bankruptcy proceeding**. *Alderwoods*

*Group, Inc. v. Garcia*, 682 F.3d 958, 968 n.20 (11th Cir. 2012) (emphasis added).

Furthermore, the Eleventh Circuit has noted this distinction and its

importance.  In *In re McLean*, contested matters under Rule 9014 are subject to less

elaborate procedures than are adversary proceedings and the burden of proof for a

finding of civil contempt is clear and convincing evidence as opposed to the

preponderance of the evidence standard typical in civil actions.  *In re McLean*, 794

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

F.3d 1313, 1326 (11th Cir. 2015). Federal Rule of Bankruptcy Procedure 9020 specifically provides that "a motion for an order of contempt" is governed by Rule 9014, which relates to contested matters. Thus, "[g]enerally speaking, civil contempt sanctions for the violation of the discharge injunction must be sought by contested matter rather than an adversary proceeding." *Chionis v. Starkus* (*In re Chionis*), No. CC–12–1501, 2013 WL 6840485, at \*4 (B.A.P. 9th Cir. Dec. 27, 2013); *see Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1190 (9th Cir.2011) (contempt proceedings are always contested matters).

Indeed it appears Plaintiff has brought this Complaint as an adversary proceeding rather than a contested matter to take advantage of the lighter evidentiary burden placed upon a Plaintiff in an adversary proceeding. As shown throughout Mr. Cooper's Motion and instant Reply, the allegations raised in the Complaint are far from clear and convincing and Plaintiff has otherwise failed to state a claim upon which relief can granted. As such, Mr. Cooper's Motion should be granted and Plaintiff's Complaint dismissed with prejudice and without leave to amend.

### III.   CONCLUSION

For the reasons set forth above, Mr. Cooper requests th Court strike Plaintiff's Response as untimely and grant its Motion by entering a judgment in its favor.

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Further, Mr. Cooper asks for an award of its reasonable attorneys' fees and costs in

connection with its preparation and filing of the instant motion.

WHEREFORE, Mr. Cooper respectfully prays:

1.    That the Court deny Plaintiff any of the relief sought in his Complaint;

2.    Enter a judgment on the pleadings in Mr. Cooper's favor;

3.    For an award of attorneys' fees and costs;

4.    For such other and further relief as the Court deems just and proper.

Respectfully submitted this 17th day of April, 2020.

ALDRIDGE PITE, LLP

/s/ Brian K. Jordan        .
Brian K. Jordan, Georgia Bar No. 113008
Attorney for Mr. Cooper
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E.
Suite 500
Atlanta, GA 30305
Phone: (404) 994-7304
E-mail: bjordan@aldridgepite.com

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re | CASE NO. 12-73474-SMS |
| JAMES ARTHUR WOODY, III, | CHAPTER 13 |
| | JUDGE: HONORABLE SAGE M. SIGLER |
| Debtors. | ADVERSARY CASE NO.    19-05204-SMS |

### CERTIFICATE OF SERVICE

This is to certify that on this day I electronically filed the foregoing **Reply to Plaintiff's Response to Motion for Judgment on the Pleadings** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

    Matthew Thomas Berry

    Adam Joseph Klein

    Paul J. Sieg

I further certify that on this day I caused a copy of this document to be served United States First Class Mail, with adequate postage prepaid on the following parties set forth below at the address shown for each

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

James Arthur Woody, III
3888 Centennial Trail
Duluth, GA 30096


**I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE**

**AND CORRECT.**


Dated: April 17, 2020                    /s/ *Brian K. Jordan*

                                         Brian K. Jordan, Bar No.: 113008
                                         Attorney for Mr. Cooper
                                         Aldridge Pite, LLP
                                         Fifteen Piedmont Center  3575 Piedmont Road,
                                         N.E., Suite 500  Atlanta, GA 30305
                                         Phone: (404) 994-7400
                                         Fax: (619) 590-1385
                                         Email: bjordan@aldridgepite.com

REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS