**IT IS ORDERED as set forth below:**

**Date: September 15, 2020**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | : | Case No.: |
| | : | |
| **JAMES ARTHUR WOODY, III,** | : | **12-73474-SMS** |
| | : | |
| Debtor. | : | Chapter 13 |
| | : | |
| **JAMES ARTHUR WOODY, III,** | : | Adversary Proceeding No.: |
| | : | |
| Plaintiff, | : | **19-05204-SMS** |
| | : | |
| v. | : | |
| | : | |
| **MR. COOPER, a/k/a/ NATIONSTAR MORTGAGE, LLC,** | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

James Arthur Woody, III ("<u>Debtor</u>") commenced the above-styled adversary proceeding

1

on May 3, 2019 (Doc. 1). The adversary proceeding came before the Court on Defendant Mr. Cooper, a/k/a Nationstar Mortgage, LLC's ("Defendant") *Motion for Judgment on the Pleadings* (the "Motion," Doc. 10). The Court heard oral argument on the Motion on May 13, 2020, at which time the Court denied the Motion, but for one issue, because factual disputes between the parties made judgment on the pleadings inappropriate. The Court directed the parties to provide additional briefing on the remaining issue of whether the pending adversary proceeding was the proper procedural method to pursue a contempt claim against Defendant. The parties submitted supplemental briefs on the issue (Doc. 22 and Doc. 23), and after review of those briefs and applicable law, the Court concludes that the contempt claim may proceed in this adversary proceeding.

## I.   Arguments of the Parties

Defendant argues that a contempt claim stemming from the main bankruptcy proceeding may not be pursued in an adversary proceeding. Defendant's arguments can be distilled down to its concern that if Debtor's contempt claim is prosecuted through an adversary proceeding, Defendant will be prejudiced because Debtor will be subject to a lower evidentiary standard. Specifically, an adversary proceeding acts as a separate civil suit with the preponderance of the evidence standard, whereas a contested matter in the bankruptcy case would require Debtor to meet the higher burden of clear and convincing evidence. Thus, Defendant argues, the adversary proceeding should be dismissed, and Debtor should file a motion for contempt in the main bankruptcy case to pursue his claims against Defendant.

Debtor argues that it is irrelevant whether the contempt claim is prosecuted as a contested matter or adversary proceeding. Debtor contends Defendant's concerns are overstated, as other

2

adversary proceedings for contempt claims in this district have been allowed to proceed with the appropriate evidentiary standard. Thus, Debtor argues, the Court should not dismiss the adversary proceeding, but should instead apply the appropriate evidentiary standard to the contempt claim.

**II.     Applicable Law**

Both parties cite *In re McLean*, wherein the Eleventh Circuit Court of Appeals discusses the effect of a bankruptcy court adjudicating a contempt claim in an adversary proceeding. 794 F.3d 1313, 1326 (11th Cir. 2015). The Eleventh Circuit concluded that "generally speaking, civil contempt sanctions for the violation of the discharge injunction must be sought by contested matter rather than an adversary proceeding." *Id.* (quoting *Chionis v. Starkus (In re Chionis)*, 2013 WL 6840485, at *4. 2013 Bankr. LEXIS 5426, at *11 (B.A.P. 9th Cir. Dec. 27, 2013)). However, the Eleventh Circuit's main concern appeared to be that the court apply the appropriate evidentiary standard: "'a finding of civil contempt must be based on clear and convincing evidence that a court order was violated' rather than the preponderance-of-the-evidence standard typically employed in civil actions." *Id.* (quoting *Jove Eng'g Inc. v. Internal Revenue Serv.*, 92 F.3d 1539, 1545 (11th Cir. 1996)). Further, the Eleventh Circuit "decline[d] to hold that this defect in form amounts to reversible error . . . ." *Id.*

At least three cases in the Northern District of Georgia have addressed this issue since *In re McLean*, each allowing contempt claims to proceed in adversary proceedings, but applying the clear and convincing evidence standard required for a contempt claim. *See Henriquez v. Green Tree Servicing, LLC (In re Henriquez)*, 536 B.R. 341, 345 (Bankr. N.D. Ga. 2015) (Sacca, J.) ("The plaintiff has the burden of proving by clear and convincing evidence that the discharge injunction was violated."); *see also Daniels v. Howe Law Firm, P.C. (In re Daniels)*, 591 B.R.

3

814, 822 (Bankr. N.D. Ga 2018) (Ritchey-Craig, J.) (quoting *In re Henriquez* for same); *see also Philyaw v. Portfolio Recovery Assocs. (In re Philyaw)*, 2019 WL 1848563, at *3, 2019 Bankr. LEXIS 1289, at *6 (Bankr. N.D. Ga. Apr. 24, 2019) (Ritchey-Craig, J.) (same).[1]

### III. Conclusion

This Court agrees with the approach taken by other judges in this district. The adversary proceeding can continue, but Debtor will have to fulfill the clear and convincing evidence standard to prevail on his contempt claim.

Defendant also argued that Debtor's claims for violation of the automatic stay and under Fed. R. Bankr. P. 3002.1 should be brought as contested matters rather than claims in an adversary proceeding. Defendant does not cite, and the Court is not aware of, any case that requires such claims to be brought as contested matters. Given that the Court has already concluded that the contempt claim may proceed in the adversary proceeding, the Court finds no reason to require Debtor's other claims to be pursued through a different process. Accordingly, it is

**ORDERED** that the Motion is **DENIED** for the reasons stated on the record at the hearing on May 13, 2020, and outlined in this Order.

The Clerk is directed to serve a copy of this Order on Debtor, Debtor's counsel, Defendant, and Defendant's counsel.

**END OF DOCUMENT**

---

[1] Courts outside of this district have also addressed this issue. The Bankruptcy Court for the Northern District of Ohio found that, while Fed. R. Bankr. P. 9020 and 9014 traditionally require a contempt action to be brought by motion, "an adversary proceeding provides a defendant with more, not less, procedural protection than in a Rule 9014 contested matter brought by motion" and thus "courts routinely hear contempt actions brought as adversary proceedings." *Bennet v. Morton Bldgs., Inc. (In re Bennett)*, 2015 WL 8147588, at *2, 2015 Bankr. LEXIS 4108, at *6 (Bankr. N.D. Ohio Dec. 7, 2015).